**TONSING LAWFIRM**
Michael J. Tonsing, SBN 69476
353 Sacramento Street, Suite 1140
San Francisco, CA 94111-3657
Phone: (415) 986-1338, Ext 155
Fax: (415) 358-4839
mike@tonsinglawfirm.com
Attorneys for Plaintiff JOHN DOE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| JOHN DOE, an individual,<br><br>              Plaintiff,<br>        vs.<br><br><br>SEMPERVIRENS MENTAL HEALTH FACILITY, an agency of the COUNTY OF HUMBOLDT; DR. ASHA GEORGE, Director of SEMPERVIRENS MENTAL HEALTH FACILITY, in her individual capacity; DR. CHRIS STARETS-FOOTE Deputy Director of SEMPERVIRENS MENTAL HEALTH FACILITY, in her individual capacity; KAMALA D. HARRIS, in her official capacity as the California Attorney General and the head of the STATE of CALIFORNIA DEPARTMENT of JUSTICE, and, DOES ONE through TEN,<br><br>              Defendants. | Case No.:<br><br>**COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL**<br><br>  1. 42 U.S.C. § 1983<br>  2. Declaratory Relief<br>  3. Equitable Relief<br>  4. Writ of Mandamus |

**PRELIMINARY STATEMENT**

1. This is an action at law and in equity to redress the deprivation by Defendants of Plaintiff's rights, privileges, and immunities as set forth below. Plaintiff JOHN DOE, a citizen of the United States and a resident of the State of California, *inter alia,* alleges repeated and continuing violations of 42 U.S.C. § 1983, also known as the Civil Rights Act of 1871.

2. Section 1983 of the Civil Rights Act makes relief — in the form of money damages — available to those whose Constitutional rights have been violated by one or more individuals ostensibly acting under State authority. Thus, for example, as here, if a patient or a former patient of a county mental hospital had their Constitutional right to due process violated by an agent of such a hospital ostensibly acting under the authority of the State, under Section 1983 that person could bring suit for monetary damages against the hospital and its agents. That is the situation presented here, given that Plaintiff is a former patient of a County mental hospital where not only has his right to due process under the Fourteenth Amendment to the United States Constitution (as a patient and now a former patient) knowingly, repeatedly, callously, grossly negligently, malevolently, and in bad faith been continuously violated by supervisory agents of the State acting under color of State law, one result of these ongoing violations has been, and continues to be, a knowing and continuing violation of his right to keep and bear arms under the Second Amendment to the United States Constitution by these same supervisory agents.

3. The Second Amendment to the U.S. Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the United States Supreme Court held that the Second Amendment guarantees an individual's right to possess a handgun, unrelated to service in the militia, subject to reasonable regulation by the Government. Subsequently, in *Nordyke v. King*, 563F.3rd 439 (9th Cir. 2009), this Circuit held the Second Amendment is incorporated into the Due Process Clause because the right to bear arms is "fundamental and deeply rooted in the nation's history and tradition." Under California law, Plaintiff has a property and/or liberty interest that is being

TONSING LAWFIRM
353 Sacramento Street, Suite 1140, San Francisco, CA 94111-4657

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TONSING LAWFIRM**

353 Sacramento Street, Suite 1140, San Francisco, CA 94111-4657

continuously impaired by the actions and omissions described.  Plaintiff's rights to due process and to equal protection under Articles One and Seven of the California Constitution also have been violated.  (Article One:  "Section 1.  All people are by nature free and independent and have inalienable rights.  Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."  Article Seven, in pertinent part:  "A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws… ").  Though he does not believe he is required by law to do so, Plaintiff gave timely written notice (through counsel) to the Director of the Humboldt County Mental Health Hospital and to the County itself that he would be filing a Complaint and seeking damages. His formal claim was ignored and over six months have passed since he mailed it.

4.   While unilaterally seeking and actively requesting voluntary inpatient treatment, Plaintiff was involuntarily provisionally hospitalized at Humboldt County SEMPERVIRENS Mental Health Hospital ("SEMPERVIRENS"), a County facility, for the first time in mid-1999 under a provision of the Lanterman-Petris-Short Act known as  California Welfare & Institutions Code § 5150 ("Section 5150"), for evaluation.  Hospitalization under Section 5150 results in a Federal 5-year ban on purchasing a firearm as a matter of law.  Records of Section 5150 hospitalizations are transmitted by mental health hospitals in this State to the California Department of Justice, which agency maintains all such records on a statewide basis.  A State-licensed seller of firearms must verify that a prospective purchaser is not on the active list of those who, by law, cannot make such a purchase.

5.    SEMPERVIRENS is, and at all times mentioned was, a unit of local government duly formed and authorized under the laws of California.  It is a Medi-Cal and Medicare certified 16-bed facility, and is believed by Plaintiff to be the only inpatient psychiatric hospital within a 300-mile radius.  While unilaterally seeking and actively requesting voluntary inpatient treatment under LPS Section 5150, Plaintiff was treated and released following his 3-day hospitalization at SEMPERVIRENS, on his own recognizance.  However, instead of reporting Plaintiff as a Section 5150 patient,  Defendant SEMPERVIRENS erroneously or

TONSING LAWFIRM
353 Sacramento Street, Suite 1140, San Francisco, CA 94111-4657

vindictively filed a report with the California Department of Justice indicating that Plaintiff had been adjudicated and hospitalized under California Welfare & Institutions Code § 5250 ("Section 5250"), which provision mandates a Federal lifetime disability from purchasing firearms, as a matter of law. Section 5250 patients are, in broad terms, individuals who are delivered to a mental health facility against their will who, after evaluation, have been advised of the need for, but have not been willing or able to accept, treatment on a voluntary basis. Because of the seriousness of a confinement under Section 5250, each such patient is accorded a panoply of due process rights not accorded Section 5150 patients. Section 5250 patients must be afforded advocacy and legal counsel, delivered before a court-appointed commissioner who is not a staff member of the mental health facility, and then adjudicated to be one who should be involuntarily confined in a contested hearing prior to continued involuntary commitment and treatment being imposed upon them. Plaintiff was not accorded Section 5250 rights, nor should he have been, since he was not a Section 5250 patient. Yet, as will be described in more detail below, he was reported as such to the California Department of Justice and automatically, albeit erroneously, *subjected to a lifetime ban on firearms purchases.* The data maintained by the California Department of Justice is instantly accessible by law enforcement agencies, and is routinely used by law enforcement officers for their own safety when dealing with individuals in their community who become persons of interest. Thus, being on this California Department of Justice active list can have deleterious effects for an individual like Plaintiff when they encounter law enforcement personnel who have a reason to check records, whether in a routine traffic stop or otherwise. One's relationship with the police is impaired. Officers behave differently, for their own protection. Plaintiff has been operating under such an impairment continually since 1999, even though he should have been removed from the list five years later, in 2004. He remains under that ban today.

6. At all times relevant, Defendant ASHA GEORGE, Ph.D., has been the Branch Director for Mental Health, and Defendant CHRIS STARETS-FOOTE, Psy.D., LMFT, has been the Deputy Director for Mental Health. Both of these individual Defendants, at all times

relevant, have been policy making officials for the SEMPERVIRENS MENTAL HEALTH FACILITY. Both of these individual Defendants were involved in depriving the Plaintiff of Federally protected rights. Both, Plaintiff is informed and believes, participated directly in harassing him for speaking out. Similarly, both, after learning Plaintiff was being harassed, either directly or indirectly, failed to remedy the wrong. Both, Plaintiff is informed and believes, were deliberately indifferent in managing subordinates who caused the deprivation of Federally protected rights of the Plaintiff. They both knew there was a high probability that subordinates would engage in wrongful behavior, yet they failed to take reasonable steps to prevent its occurrence; and, subsequently, such wrongful behavior by staff did occur repeatedly. Plaintiff is informed and believes and thereon alleges that their failing to correct an obvious and admittedly erroneous report to the DOJ was substantially motivated by a desire to retaliate against him for speaking out about the original misclassification. Their pattern of deliberate indifference was palpable throughout the period that Plaintiff sought to correct his erroneous misclassification, but it became even more obvious when efforts to reclassify Plaintiff improperly were brought to their direct attention and they failed or refused to act. Plaintiff is informed and believes and thereon alleges that both of these Defendants are, and at all times relevant have been, residents of the County of Humboldt. DR. GEORGE is, and at all relevant times has been, the official to whom final decision-making authority on all matters relevant to this matter has been delegated by policy and/or practice, by HUMBOLDT COUNTY. The COUNTY and SEMPERVIRENS MENTAL HEALTH FACILITY both knew of the unlawful acts of these individual Defendants and had the power to remedy them, yet failed to do so; further, both entities implicitly ratified the acts of these individual Defendants. All of the Defendants knew that, under State law, Plaintiff could not be deprived of his right to keep and bear arms without notice and hearing and they knew that no such notice and hearing had ever been provided to him. Even if the Plaintiff had been subject to the law that allowed for a lifetime ban on his right to keep and bear arms, — which he was not — the policy and practice requiring notice and hearing was never followed. That fatal omission

was known to all of the Defendants. CHRIS STARETS-FOOT told Plaintiff that "once staff certifies you, that's that" and denied that a certification review hearing was relevant in his case. Without regard to the other grievances in this Complaint, the ongoing failure of the Defendants to provide such notice and hearing is a continuing violation of the due process clause of the California and United States Constitutions. By placing Plaintiff's name on the perpetually banned DOJ list without prior notice and an opportunity to be heard, the Defendants, acting under color of State law, have deprived him of a property interest protected by these two Constitutions. The acts and omissions of the institutional and individual Defendants were arbitrary and capricious and violated the equal protection clause of the 14th Amendment to the United States Constitution. Plaintiff's status was changed to "voluntary" during the hospitalization. Plaintiff was discharged July 1, 1999 and re-hospitalized twice more under Sec. 5150 from July 6-8, 1999, which was also changed to voluntary, and July 13, 1999 for several days. Since then, he has had no other hospitalizations, voluntary or involuntary. Since then Plaintiff has been in good mental health (from a clinical standpoint) and poses no mental health risk to the community.

7. Plaintiff was advised by Defendant SEMPERVIRENS on June 27, 1999 that the hospitalization under Sec. 5150 would result in his not being able to own, possess, or purchase a firearm for a period of 5 years from discharge from the hospital.

8. Following his discharge, Plaintiff moved to another California county that is also within the jurisdiction of this Court, where he has resided and operated a small business for over 10 years.

9. Early in 2012, Plaintiff attempted to purchase a small caliber "22 rifle" of the sort commonly referred to as a "squirrel gun" for recreational and protection purposes from a licensed dealer in California. However, the purchase could not be completed because the California DEPARTMENT OF JUSTICE ("DOJ") reported to the licensed dealer that Plaintiff was disqualified from purchasing a firearm under Welfare & Institutions Code § 8103, which prohibits the purchase, possession or receipt of a firearm by individuals with certain legal disabilities, which Plaintiff denies then having had. When Plaintiff learned of

TONSING LAWFIRM
353 Sacramento Street, Suite 1140, San Francisco, CA 94111-4657

his alleged status, he was shocked and humiliated.  He suffered severe emotional distress resulting in physical afflictions and discomforts, all to his general damage in a sum yet to be ascertained.  Such sum cannot be fully ascertained until after Defendants cease (and/or order to cease) the violations of his Constitutional rights that have caused this distress.

10. When Plaintiff learned of the denial, he telephoned the DOJ and was advised that in 1999 Defendant SEMPERVIRENS had filed a report with the DOJ indicating Plaintiff had been adjudicated and  hospitalized under California Welfare & Institutions Code § 5250 — which combination results in a Federal lifetime disability from purchasing a firearm, as a matter of law.  That status indicates that a patient was adjudicated in a contested hearing and then involuntarily hospitalized and branded as a dangerous mentally ill person. However, Plaintiff categorically denies he was ever hospitalized under Sec. 5250.  And, no Section 5250 adjudication ever took place with respect to him.  Plaintiff immediately protested his status, immediately realizing it was spurious.  Plaintiff is informed and believes and thereon alleges that the status of his file with the DOJ can, and has been, communicated to State and local law enforcement agencies, to his detriment.  Plaintiff is further informed and believes and thereon alleges that the erroneous information that the Defendants knew or should have known that information about him that was directly disseminated to local law enforcement agencies and allowed to be perpetuated in his file would have a continuing detrimental effect with respect to his ability to deal with law. enforcement personnel.  Despite this, they failed or refused to correct this detrimental error (Plaintiff seeks to have any such improper, erroneous, or unsubstantiated communication expunged, retracted and corrected, and he seeks damages for the communication of this demonstrably false information to such law enforcement agencies, in an amount to be determined.)

11. During that same month in 2012, Plaintiff phoned the records department at SEMPERVIRENS to obtain a full copy of his medical records and to ask why the statutory basis of his 1999 hospitalization had been incorrectly reported.  He got no substantive response.

TONSING LAWFIRM
353 Sacramento Street, Suite 1140, San Francisco, CA 94111-4657

TONSING LAWFIRM

353 Sacramento Street, Suite 1140, San Francisco, CA 94111-4657

12. Later that same month, the SEMPERVIRENS ward clerk orally informed Plaintiff that nothing in his patient record indicated that he had been hospitalized under Section 5250. During that same call, Plaintiff requested that the clerk send him by facsimile transmission an official form so he could request a copy of his patient records in writing.

13. That same day, Plaintiff sent SEMPERVIRENS' records department a written request for a copy of his entire patient record,. The hospital verbally confirmed receiving the written request. Later that day, the clerk submitted a written correction report (the "Correction Report") to the DOJ indicating Plaintiff was hospitalized in 1999 under Sec. 5150 and sent him a copy .

14. Shortly thereafter, Plaintiff spoke by phone with an agent at the DOJ, who acknowledged having received the Correction Report from SEMPERVIRENS.  Plaintiff was told by that agent that the DOJ had requested a follow-up letter from SEMPERVIRENS' Director, DR. GEORGE, explaining the 12-year lapse in correcting the mistaken 1999 report, and had demanded this letter of explanation directly from SEMPERVIRENS, saying that this explanation was a precondition to changing the DOJ record to reflect the correction indicated in the Correction Report.

15. The same day, Plaintiff called the records department at SEMPERVIRENS to confirm that they had received the DOJ request for an additional letter to confirm the earlier Correction Report.  Plaintiff was told the request was being processed. He asked that the letter be sent forthwith.  He requested a copy be sent to him when it was sent to the DOJ.

16. Plaintiff was told over the phone by a SEMPERVIRENS official, Deputy Director and Defendant CHRIS STARETS-FOOTE, that because of his mental health history, SEMPERVIRENS would "**never**" provide the requested letter to the DOJ and she berated him for requesting it.  She also told him that rather than give his medical records to him, the County would send them directly to the DOJ.

17. That same day, Plaintiff called SEMPERVIRENS' Director, Defendant DR. ASHA GEORGE, to again request that the hospital provide the explanation requested by the DOJ, and to lodge a formal complaint regarding Ms. STARETS-FOOTE's hostile conduct toward

**TONSING LAWFIRM**
353 Sacramento Street, Suite 1140, San Francisco, CA 94111-4657

him.  Nothing of substance resulted from filing this complaint; and, the requested

explanation was not provided.

18. By this time, Plaintiff realized the Defendants were conspiring with one another to deny his

rights, both Constitutional and statutory, under color of State law.  It had become apparent

there was no lawful justification for the Defendants' failure to correct the obvious error in

records they transmitted to the Real Party in Interest, the Department of Justice of

California.  Guidelines were and are available for proper conduct.   For example, an official

Information Bulletin numbered 2007-BOF-04 was issued in May of 2007 by the California

Department of Justice Division of Law Enforcement.  It was signed by Wilfredo Cid, Chief

of the DOJ Bureau of Firearms and it was addressed to "All public and private mental

health facilities." It explicitly and succinctly stated the statutory conditions for reporting

and not reporting mental health hospital confinements.  This Bulletin invited these facilities

to seek further training regarding proper reporting directly from DOJ, stating, "The DOJ

Bureau of Firearms will conduct training at your facility upon request."  The Bulletin

demanded *immediate* responses.  Plaintiff provided a copy of this directive to the hospital's

ombudsman and to the administrative assistant to the head of the Humboldt County Board

of Supervisors.  However, SEMPERVIRENS and its professional staff blithely continued to

violate the law, and has continued to knowingly violate the law to this day.  Moreover,

California's Information Practices Act of 1977 (California Civ. Code § 1798 et seq.) deals

with the growing threat to privacy by the indiscriminate dissemination of personal

information held by State government.  Plaintiff brought this statute to the attention of

authorities at the Hospital and in County government, to no avail.  Although Plaintiff has

done so, this statute does not require a plaintiff to exhaust any administrative remedies

before going to court.) The statute places strict limits on these activities with respect to

State agencies.  Civil Code § 1798.18 requires that "[e]ach agency shall maintain all

records, to the maximum extent possible, with accuracy, relevance, *timeliness*, and

completeness…." [Emphasis added.]  This subsection states that this maximum accuracy

requirement specifically pertains "when such records are used to make any determination

TONSING LAWFIRM

353 Sacramento Street, Suite 1140, San Francisco, CA 94111-4657

1   about the individual."  Plaintiff alleges on information and belief that the Defendants'

2   actions in denying him the correction of the flawed records he deserved – that were known

3   by them to be inaccurate and were being used to make a "determination" relating to a

4   Constitutional right -- were spurious, carried on in bad faith, and deliberately designed to

5   mollify Plaintiff and give him the false impression that a sincere and timely effort was

6   being made by them to resolve his concerns.  California law allows for both "general

7   agents" and for "special agents."  (See California Civ. Code § 2297.)  Plaintiff alleges on

8   information and belief that the actions and inactions of the Defendants, acting as mandated

9   information-gathering "special agents" of the State Department of Justice, for example as

10  was made explicit in the aforementioned Information Bulletin numbered 2007-BOF-04 of

11  May, 2007, also did not comply with California's Information Practices Act and were not

12  exercising good faith judgment on their part, but, rather, were made because of their

13  overriding hostility to Plaintiff and in pursuance of their conspiracy under color of law to

14  deny him his Constitutional and statutory rights because of their erroneous and malevolent

15  belief he was not worthy.

16  19. Plaintiff made a second written request to SEMPERVIRENS for his entire patient record on

17  later in 2012, wherein he also advised them of his rights and their duties to accurately report

18  information to the DOJ and wherein he also requested a review of the facility's refusal, to

19  that date, to amend the record to accurately reflect what happened.

20  20. After numerous requests to SEMPERVIRENS' records department, other county staff, and

21  the county Patient's Rights Advocate for his patient records, Plaintiff finally received a

22  copy of his patient record over 50 days after he had first requested it.

23  21. However, between his first awareness of the latest failure or refusal of the hospital to

24  comply with the DOJ request for a written explanation and today, Plaintiff is advised and

25  believes and thereon alleges that SEMPERVIRENS has failed to correct the erroneous

26  record at the State DOJ by providing a sufficient letter explaining the 12-year lapse in

27  correcting its original false report.  The DOJ has orally reported to Plaintiff that

28  SEMPERVIRENS has reported *another* 5-year disqualification beginning in February of

COMPLAINT AND                               10
DEMAND FOR JURY TRIAL

2012.  Plaintiff is informed and believes and thereon alleges that he is currently under a new 5-year statutory bar that is in place at DOJ.  That bar will expire, as a matter of law, in 2017.  Plaintiff denies there is any legal or factual basis for this new disqualification.  This new action constitutes a further violation of the obligations of the Defendants under the California Information Practices Act of 1977, acting as information-gathering agents for the State DOJ, and a continuing violation of Section 1983.

22. Plaintiff was advised subsequently by the SEMPERVIRENS Patient's Rights Advocate, ombudsman Jim Snow, that despite SEMPERVIRENS' earlier refusals, DR. GEORGE had agreed to provide the letter requested by the DOJ and that Plaintiff would receive a copy of it when it was sent. Notwithstanding Mr. Snow's advice, Plaintiff received nothing from DR. GEORGE until May 30, 2012, when Plaintiff received a faxed copy of DR. GEORGE's letter from SEMPERVIRENS.  Plaintiff then contacted DOJ by telephone to confirm their concurrent receipt of the letter.  However DOJ staff stated they had not received any letter, or received any phone, fax, or mail communication from SEMPERVIRENS.  After another call by Plaintiff to DOJ the following week, with similar negative results, Plaintiff contacted Patients' Rights Advocate, Jim Snow for an explanation.   The ombudsman reported to Plaintiff that Dr. ASHA GEORGE had told him that she had directly spoken with a woman she identified as Barbara Thomas at the DOJ, and that Ms. Thomas had told her that the SEMPERVIRENS letter was literally "in hand." When Plaintiff called Barbara Thomas and her supervisor at the DOJ to confirm this, DOJ agents repeatedly searched for the letter and told him they were unable to locate it; and, those same individuals at DOJ who were solely responsible for receiving such a letter, or who SEMPERVIRENS claimed to have spoken with, did not recall receiving any fax or telephone communication with SEMPERVIRENS at all within the previous month. Plaintiff, frustrated, then sent a faxed letter to DOJ outlining his efforts with the DOJ over several days to substantiate the SEMPERVIRENS staff's claim to him that a letter had actually been sent to DOJ; and the DOJ replied with a confirming fax that they had received his letter which was then forwarded to Virginia Bass, Chair of the Humboldt County Board

TONSING LAWFIRM
353 Sacramento Street, Suite 1140, San Francisco, CA 94111-4657

TONSING LAWFIRM
353 Sacramento Street, Suite 1140, San Francisco, CA 94111-4657

of Supervisors via email.  Several days later, the DOJ acknowledged to plaintiff that they had received the letter from SEMPERVIRENS.  However, Plaintiff is informed and believes and thereon alleges that the letter, when received by the DOJ, was tardy and insufficient, and he further alleges this tardiness was part of a pattern of conscious behavior that sought to deny him rights, as described elsewhere herein.

Notwithstanding Mr. Snow's advice, Plaintiff received nothing from DR. GEORGE until May 30, 2012, when Plaintiff received a faxed copy of DR. GEORGE's <u>letter apparently also eventually sent via fax to the DOJ from SEMPERVIRENS.</u>  However, Plaintiff is informed and believes and thereon alleges that the letter, when received by the DOJ, was tardy and insufficient, and he further alleges this tardiness was part of a pattern of conscious behavior that sought to deny him rights, as described elsewhere herein.  Plaintiff, frustrated, had sent a letter to DOJ outlining his efforts with the DOJ over several days to substantiate the SEMPERVIRENS staff's claim to him that a letter had actually been sent to DOJ; and the SEMPERVIRENS ombudsman had report to him that Dr. ASHA GEORGE had told the ombudsman that she had actually spoken with a woman identified as Barbara Thomas at the DOJ, and Dr. GEORGE had reportedly told the ombudsman that Ms. Thomas had told him that the SEMPERVIRENS letter was literally "in hand."  When Plaintiff called his contacts at the DOJ to confirm this, DOJ agents repeatedly searched for the letter and told him they were unable to locate it; and, the individuals at DOJ who were responsible for receiving such a letter, or who SEMPERVIRENS claimed to have spoken with, did not recall any fax or communication with SEMPERVIRENS at all within that week or the previous week.

23. Plaintiff believes SEMPERVIRENS lied to him and also to the Patients' Rights Advocate in his official capacity, when the Hospital's agents said they had sent, or had intended to send, the letter to DOJ.  Only after sending this "DOJ confirmation of non-confirmation" information to Virginia Bass, the Chair of the Humboldt County Board of Supervisors, did the DOJ actually and finally receive the letter.

24. However, Plaintiff subsequently learned from the DOJ it did not consider DR. GEORGE's letter responsive to its request and would not correct the false record of his hospitalization,

which has resulted in his continued inability to lawfully purchase a firearm to this day. This constitutes a further violation of the obligations of the Defendants under the California Information Practices Act of 1977, acting as information-gathering agents for the State DOJ, and a continuing violation by them of Section 1983.

25. In a phone call to Jim Snow, the ombudsman at SEMPERVIRENS, Plaintiff again requested that DR. GEORGE give the DOJ an appropriate explanation for SEMPERVIRENS' 12-year lapse in correcting the record of his 1999 hospitalization. Plaintiff then delivered a letter to the Hospital's ombudsman, formally requesting that he enlist the assistance of a senior attorney representative of his office, and that he report the violations of law and improper conduct of SEMPERVIRENS to the State, or other relevant agencies as necessary, to correct the situation. Plaintiff does not believe that has ever occurred.

26. Subsequently, Plaintiff learned that the DOJ has apparently recorded SEMPERVIRENS' Corrective Report, such that its database now indicates, falsely, that Plaintiff was hospitalized at SEMPERVIRENS in February of 2012 under Sec. 5150. Plaintiff categorically denies having been treated at SEMPERVIRENS in February of 2012.

27. Defendant SEMPERVIRENS, through a pattern of continual violations of Plaintiff's Constitutional rights perpetrated by and/or condoned by policy-level supervisors and the highest level County administrators, has caused Plaintiff great damage, distress, and inconvenience by (1) failing to deliver a copy of his medical record within a reasonable time; (2) misusing and/or improperly disclosing his medical record; (3) filing a false report about him with the DOJ; (4) then, after finally correcting their admittedly false report, failing or refusing to provide the necessary timely and responsive follow-up letter to the DOJ; and, (5) failing to properly investigate or take remedial action on his complaint to DR. GEORGE.

28. Defendant SEMPERVIRENS, through a pattern of continual violations of Plaintiff's State and Federal Constitutional rights perpetrated by and/or condoned by policy-level supervisors, has caused Plaintiff great damage, and continuing distress and hare by

TONSING LAWFIRM
353 Sacramento Street, Suite 1140, San Francisco, CA 94111-4657

1  wrongfully failing to modify its paperwork that, given the status quo, will inevitably result

2  in a denial of any application to purchase a firearm.

3  29. As a proximate result of the wrongful acts and omissions herein alleged, Plaintiff has been

4  damaged in an amount to be proven at trial, that will include his distress and anguish at

5  knowing that false official governmental records about his hospitalization are being

6  improperly used and communicated to others, Defendants' pattern of failure or refusal to

7  provide him with access to a Patient Rights Advocate when requested by him (on at least

8  two separate occasions, including one voluminous request in writing), Defendants' pattern

9  of obstructing the work of the Patient Rights Advocate, his anxiety caused by his inability

10  to purchase a firearm for personal protection from a licensed dealer though doing so was

11  and is within his rights under the Second Amendment to the United States Constitution, his

12  distress and anguish after being rebuffed by a governmental agency that arbitrarily refuses

13  to follow its own complaint resolution procedures, and his having to hire attorneys to help

14  him secure rights that plainly should not have required such intervention.

## I.   JURISDICTION AND VENUE

16  30. This Court has jurisdiction over the Federal cause of action set forth below under 42 U.S.C.

17  §1983 and 28 U.S.C. § 1331. Plaintiff also invokes the court's supplemental jurisdiction

18  under 28 U.S.C § 1367. Plaintiff has a right to sue in Federal Court.

19  31. This United States District Court has personal jurisdiction over the Defendant

20  SEMPERVIRENS MENTAL HEALTH FACILITY, an agency of the COUNTY OF

21  HUMBOLDT, because it is in Humboldt County, California, and because it, through its

22  agents, committed various acts under color of California law within the geographic

23  jurisdiction of this Court that violated Constitutional rights of the Plaintiff under the Second

24  Amendment to the United States Constitution and also under the Fourteenth Amendment to

25  the United States Constitution. For the same reasons, this Court has personal jurisdiction

26  over every individually named Defendant.

27  32. Given that a substantial number of the acts and omissions of Defendant SEMPERVIRENS

28  MENTAL HEALTH FACILITY and every one of the individually named Defendants

TONSING LAWFIRM
353 Sacramento Street, Suite 1140, San Francisco, CA 94111-4657

pertaining to Plaintiff's claims described herein occurred in Humboldt County, California, venue is appropriate in this Division of this  Court.

## II.        PARTIES AND REAL PARTY IN INTEREST

33. At all times relevant, Plaintiff JOHN DOE, an individual and a citizen of the United States, has been (and is) a resident and domiciliary within the geographic jurisdiction of this Court. He currently resides in Northern California, within the geographic jurisdiction of this Court. He is an adult over the age of 18 years.

34. At all times relevant, Defendant SEMPERVIRENS MENTAL HEALTH FACILITY ("SEMPERVIRENS") has been (and is) an agency of the COUNTY OF HUMBOLDT, State of California.  Defendant ASHA GEORGE, Ph.D., at all times relevant has been the Branch Director, for Mental Health, and Defendant CHRIS STARETS-FOOTE, Psy.D., LMFT, at all times relevant, has been the Deputy Director for Mental Health, both at SEMPERVIRENS.

35. The true names and capacities of the Defendants sued herein as DOES 1 through 10 are unknown to Plaintiff.  Therefore, he sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show their true names and capacities when they are ascertained.  Plaintiff is informed and believes and thereon alleges that each of these unnamed Defendants is liable to him for one or more events, omissions, derelictions of duty, causes of action, and/or unmet obligations alleged herein.

36. Plaintiff is informed and believes and thereon alleges that, in performing each of the acts alleged, each of the Defendants was the agent, employee and/or servant of each of the other Defendants and, in assuming the duties and obligations alleged herein, was acting within the course and scope of such relationship.  Each of the Defendants has conspired to violate the State and Federal Constitutional rights of Plaintiff by their acts and omissions and have likewise conspired to breach the fiduciary duty owed to the Plaintiff by them, and has conspired to cause Plaintiff severe, intense, and prolonged emotional distress.  Defendants and each of them have also conspired together to do the same acts knowing that extreme, intense, and prolonged emotional distress was being inflicted upon Plaintiff.  In doing the

acts in furtherance of this conspiracy, or in failing to act, in furtherance thereof, the Defendant hospital has conspired with the independently organized institutional medical staff, in a matter that has been malicious, oppressive, outrageous, and conducted in disregard of the rights and feelings of Plaintiff.  On information and belief, this meeting of the minds can be proven through Defendants knowledge of the abuse of process set forth herein and their uniform failure to either deter or correct that activity, to condone its continuity, and the failure of the County to discipline the named Defendants in order to correct an obvious and palpable injustice.  This chronic failure to correct an obvious injustice has resulted in a custom of inadequate supervision and/or discipline.  This has resulted in a deliberate indifference to the rights of Plaintiff.  The conduct of the named Defendants also was reckless and/or grossly negligent.  The acts and/or omissions alleged and the resulting injury suffered by Plaintiff were directly and proximately caused by their failing to properly hire, supervise, train, discipline, and control officials and workers at the Defendant County hospital and their failure to promulgate and insure compliance with rules and regulations addressing handling allegations of abuse or error, to include prohibitions against the abuse of process, when they were brought to their attention by the official County institutional ombudsman; and, this was all done with the knowledge and at least tacit acquiescence of the chairperson of the Humboldt County Board of Supervisors and the County Counsel of Humboldt County.

37. SEMPERVIRENS MENTAL HEALTH FACILITY; DR. ASHA GEORGE; DR. CHRIS STARETS-FOOTE are sometimes referred to collectively herein as the "Mental Health Defendants."  The Honorable KAMALA D. HARRIS is named solely in her capacity as California's Attorney General and as the head of CALIFORNIA's DEPARTMENT OF JUSTICE in order for the Court to be able to grant complete equitable relief to Plaintiff.

### III.     CAUSES OF ACTION

FIRST CAUSE OF ACTION
(For Violations of 42 U.S.C. § 1983, against SEMPERVIRENS MENTAL HEALTH FACILITY; DR. ASHA GEORGE; and, DR. CHRIS STARETS-FOOTE)

**TONSING LAWFIRM**

353 Sacramento Street, Suite 1140, San Francisco, CA 94111-4657

38. Plaintiff re-alleges and incorporates by this reference every foregoing paragraph.

39. By reason of the above-mentioned conduct of the Mental Health Defendants, and each of them, Plaintiff has been, and is, deprived of rights, privileges, and immunities secured to him by the Constitution of the United States and laws enacted thereunder in that such conduct constituted (and constitutes) an arbitrary intrusion by the Mental Health Defendants upon his right to due process and his right to keep and bear arms, depriving him of liberty and property without due process of law.  Besides the deprivations described earlier, Plaintiff is informed and believes his efforts to bring the initial deprivation of his Constitutional rights to the attention of appropriate authorities resulted in a continuation of Constitutional abuses that constituted retaliation for the exercise of his rights.  He is informed and believes this obdurate retaliatory stance, wholly without justification or excuse in law, continues to the present.  Plaintiff is informed and believes and thereon alleges his initial misclassification was itself an act of retaliation for his behavior during the periods of his confinement.  This continuity of obdurate behavior constitutes a blatant effort to punish Plaintiff for speaking out against the events at issue in this case and is designed to intimidate him in the exercise of his rights through the internal complaint process, the use of the ombudsman process internal to the hospital itself, his requests for an internal investigation, his request to the ombudsman for State investigation and oversight, his request for investigation by the county itself, and his vocal opposition to a myriad of unlawful practices by SEMPERVIRENS and its agents.  The Mental Health Defendants acted willfully, knowingly, and purposely, with the specific intent of depriving Plaintiff of his rights.  The acts of these Defendants denied (and continue to deny) Plaintiff his rights.  As a further direct and proximate result of the above described unlawful conduct of these Defendants, Plaintiff has been and will be required to expend money for legal fees to seek Justice and to recover damages incurred, in an amount not yet ascertained.

40. Because of such deprivations of his rights caused by the above-mentioned conduct, Plaintiff is entitled to relief under Section 1983 of Title 42, United States Code.

TONSING LAWFIRM
353 Sacramento Street, Suite 1140, San Francisco, CA 94111-4657

41. As a further proximate result of the acts of these Defendants, Plaintiff was subject to humiliation and indignity and suffered great mental pain and suffering, including but not limited to extreme anguish, anxiety, tension, nervousness, sleeplessness, physical upset, embarrassment, and losing his human dignity.  Plaintiff is informed and believes that the individually named Defendants did at least some things alleged maliciously and oppressively, or with a degree of negligence constituting gross negligence, warranting punitive damages against them.  The recovery of punitive damages is permitted under the Federal civil rights statutes for reckless and callous indifference to the Federally protected rights of others, and such an award is appropriate.  Plaintiff is therefore entitled to exemplary and punitive damages against the individual Defendants in a sum yet to be determined.  The instances of reckless and callous indifference to Plaintiff's Constitutional rights should be punished by imposing punitive damages to make an example of conduct not to be tolerated.  Plaintiff is uncertain as to the full and precise nature of such damages. He will amend this Complaint to state the precise nature and extent of those damages when they are ascertained with particularity.  Plaintiff is informed and believes and thereon alleges that one or more of the unnamed Defendants, employees of either the County or the State DOJ, are continuing to misclassify his status with the California DEPARTMENT OF JUSTICE, and this wrongful conduct will continue unless enjoined by this Court.  If these unnamed Defendants are not restrained, Plaintiff will suffer immediate, continuing, and irreparable injury, loss, and damage, in that he will suffer humiliation, sociological distress, and indignity resulting from the continuing deprivation of his rights, and his inability to keep and bear arms will be unconscionably perpetuated, and his right to substantive and procedural due process under both the Federal and State Constitutions will continue to be violated indefinitely.  Plaintiff has been, in circles that matter, labeled as having been "adjudicated" to be dangerously mentally ill.  Plaintiff was, and is traumatized and distressed due to his perceived intense vulnerability to such repeated and unconscionable denials of due process.  He was and is terrified that, given the admittedly erroneous information he cannot ever seem to eradicate despite his best efforts, he can continue to be

TONSING LAWFIRM
353 Sacramento Street, Suite 1140, San Francisco, CA 94111-4657

1  abused by government, at the whim of government agents.  No responsible governmental

2  person or entity ever seems willing to assist him in protecting his rights including virtually

3  every member of the Humboldt County Board of Supervisors, the highest level

4  administration of the Humboldt County Health and Human Services Department, and

5  Humboldt County's Chief Administrative Officer.

6  42. Because of Defendants' actions as alleged , Plaintiff has had to retain the services of an

7  attorney and is entitled to a reasonable amount for attorney's fees under Section 1988 of

8  Title 42 of the United States Code for those violations covered by the above-mentioned

9  Civil Rights Act.

SECOND CAUSE OF ACTION
(For Declaratory Relief under California Code of Civil Procedure §1060)

12  43. Plaintiff re-alleges and incorporates by this reference every foregoing paragraph.

13  44. An actual controversy has arisen and now exists between Plaintiff and Defendants and their

14  agent/intermediaries concerning their respective rights and duties in that Plaintiff contends

15  he is entitled to a correction of an admitted, highly prejudicial error-entry in the State

16  DEPARTMENT OF JUSTICE database that, as set forth in greater detail above, has

17  proximately resulted from an action of SEMPERVIRENS staff in 1999 and that has been

18  perpetuated by their intransigence, negligence, and gross negligence, compounded by

19  further errors described above.

20  45. Plaintiff desires a judicial determination of his rights and their duties, and a declaration as

21  to the impropriety of the Defendants' overt refusal to cooperate fully in eradicating all false,

22  damaging, embarrassing, and humiliating information in State DEPARTMENT OF

23  JUSTICE records.  Plaintiff is informed and believes his SEMPERVIRENS hospital

24  records falsely and vindictively state he was a suspect in a homicide, that he was the subject

25  of a restraining order, and that he was using methamphetamines.  Plaintiff's mother was

26  told he had entered the SEMPERVIRENS facility in Eureka waiving a gun around and had

27  to be subdued by the police – and that was why he was hospitalized, when none of that was

28  true.

46. A judicial declaration is necessary and appropriate and under these circumstances in order that Plaintiff and the Defendants can ascertain their rights and duties. Plaintiff still cannot qualify for a firearms permit. Plaintiff desires to obtain a firearm for his own protection and for recreational use and has a right under the Second Amendment of the United States Constitution to do so. Every day that a permit is unattainable, he is denied this Constitutional right unjustly. Plaintiff desires a determination of rights and a Court order that will cause the eradication of all false, damaging, embarrassing, and humiliating information in State DEPARTMENT OF JUSTICE records and potentially, through DOJ, in the records of various hospitals and law enforcement agencies. Plaintiff is informed and believes it would be very difficult to calculate the true extent of his damages and he is further informed and believe that without a judicial declaration he will continue to suffer damage, embarrassment, and humiliation, in perpetuity, or at least well into 2017.

47. Filing a declaratory relief action under California law is addressed at California Code of Civil Procedure §§1060-1062.5. California law permits a person who seeks a declaration of rights or duties regarding another to obtain a judgment declaring the respective rights and duties of all parties. (CCP §1060.)

THIRD CAUSE OF ACTION
(For Equitable Relief under California Law)

48. Plaintiff re-alleges and incorporates by this reference every foregoing paragraph.

49. Under California law, an injunction is an equitable remedy that protects a legal right. *Meridian Ltd. v. City & County of San Francisco* (1939) 13 Cal.2d 424, 447; *Benasra v. Mitchell Silberberg Knupp, LLP* (2002) 96 Cal.App.4th 96, 110. It requires the enjoined party to take or refrain from taking some specified action. *Comfort v. Comfort* (1941) 17 Cal.2d 736; *People ex rel Renne v. Servantes* (2001) 86 Cal.App.4th 1081, 1083.

50. Under California law, provisional (i.e., temporary or preliminary) injunctive relief is available in both equitable actions and legal actions for damages. However, permanent (i.e., final) injunctive relief is available only in equitable actions. If a cause of action for damages or other legal relief is joined, as here, with an equitable cause of action, under

TONSING LAWFIRM
353 Sacramento Street, Suite 1140, San Francisco, CA 94111-4657

California law the legal action may be tried first to a jury, but the equitable action must be tried to the Court. *Lenard v. Edmonds* (1957) 151 Cal.App.2d 764. While Plaintiff seeks a jury trial to the extent a jury is available to him, he fully accepts that the equitable portion of his claim must be tried to the Court.

51. Here, in this cause of action, Plaintiff seeks equitable relief in the form of a mandatory injunction. Although California CCP §525 defines an injunction as "a writ or order requiring a person to refrain from a particular act," injunctive relief may be mandatory as well as prohibitory. An injunction is prohibitory if it merely has the effect of preserving the subject of litigation in status quo; it is mandatory if it compels a party affirmatively to surrender a position or to perform a substantive act. See *Davenport v. Blue Cross* (1997) 52 Cal.App.4th 435, 446; *Johnston v. Superior Court* (1957) 148 Cal.App.2d 966.

52. A "specific" or mandatory injunction compels a party to do "that which ought to be done." California Civil Code §3367(2). It changes the relative position of the parties at the time of suit by requiring affirmative action by a Defendant. *Kettenhofen v. Superior Court* (1961) 55 C2d 189 (order to remove fence). See *Allen v. Stowell* (1905) 145 Cal. 666 (order to remove dam); *Davenport v. Blue Cross* (1997) 52 Cal.App.4th 435, 446 (ordering insurer to perform affirmative acts).

53. Minimally, Plaintiff seeks the benefit of a permanent injunction requiring Defendant SEMPERVIRENS (A) to take all steps necessary to immediately remove any and all remnants of records regarding a nonexistent 14-day involuntary confinement of Plaintiff at that hospital in 1999 that was erroneously classified as a California Welfare and Institutions Code, § 5250 (i.e., 14-day) confinement in the records of the California DEPARTMENT OF JUSTICE in Sacramento, when it, at most, could have been listed as a 3-day involuntary confinement; (B) to take all such steps as may be necessary to immediately insure that Plaintiff suffers no further harm because of any misclassification by requesting that all of its own its own records relating to that confinement be modified to reflect that it was a 3-day confinement and not a 14-day confinement; and, (C) to report back to this Court in writing within ten (10) business days as to all steps taken and any steps that still remain to be taken

TONSING LAWFIRM
353 Sacramento Street, Suite 1140, San Francisco, CA 94111-4657

TONSING LAWFIRM
353 Sacramento Street, Suite 1140, San Francisco, CA 94111-4657

1    and (D) to ascertain and report back to this Court within that same time period whether the

2    California DEPARTMENT OF JUSTICE has, as a result of the request of

3    SEMPERVIRENS, totally purged and deleted the erroneous record of a 14-day involuntary

4    confinement in 1999 from its database.

5    54. Plaintiff also seeks, again ultimately, a permanent injunction requiring Defendant

6    SEMPERVIRENS (A) to take all steps necessary to immediately cause the removal of any

7    and all remnants of records regarding a purported involuntary confinement of Plaintiff at

8    that hospital in 2012 that was erroneously classified as a California Welfare and Institutions

9    Code, § 5150 (i.e., 3-day) confinement in the records of the California DEPARTMENT OF

10   JUSTICE, an error that Plaintiff  is informed and believes has now resulted in a new 5-year

11   ban on his ability to acquire a firearm, a ban that (if it was left in place) would bar him from

12   purchasing a firearm until mid-2017; (B) to take all such steps as may be necessary to

13   immediately insure that Plaintiff suffers no further harm because of that misclassification

14   by requesting that all of its own its own records relating to any unwarranted or

15   unsubstantiated report of confinement be deleted; and, that (C) an affirmative statement be

16   entered into Plaintiff's medical file to indicate unequivocally that a purported Sec. 5150

17   confinement in 2012 never occurred, and neither did Plaintiff have a so-called "*Tarasoff*

18   warning" issued (or, if it was issued it was inappropriate and unwarranted), nor was the

19   Plaintiff the subject of a restraining order, nor did he make death threats, nor did a homicide

20   occur and therefore it would have been impossible for the Plaintiff to have been a suspect;

21   and, (D) to report back to this Court in writing within ten (10) business days as to all steps

22   taken and any steps that still remain to be taken and to ascertain whether the California

23   DEPARTMENT OF JUSTICE has, as a result of the newly-instituted request of

24   SEMPERVIRENS, totally purged and deleted this erroneous record from its database.

25   55. Preliminarily, Plaintiff seeks temporary and preliminary injunctive relief in alignment with

26   the requests set forth in the two immediately preceding paragraphs of this Complaint.

27   Provisional relief is appropriate under California law where, as here, the harm a Plaintiff

28   seeks to enjoin will produce an immediate harm for which money damages are inadequate

or extremely difficult to ascertain. (See CCP §526(a)(5).) Should the Court not grant a permanent injunction, Plaintiff will suffer irreparable harm and Plaintiff is without a plain, speedy and adequate remedy, rendering injunctive relief appropriate here. Injunctive relief is further appropriate because money damages for Plaintiff's injuries are extremely difficult to calculate and will not fully compensate him for the denial of his Constitutional and statutory rights.

56. It is well-established under California law that an injunctive order operates *in personam. Berger v. Superior Court,* 175 Cal. 719 (1917), and thus it is enforceable only after a Court acquires personal jurisdiction over the affected Defendant. *Chrysler Credit Corp. v. Waegele* 29 Cal.App.3d 681 (1972) (personal jurisdiction acquired through personal service of order to show cause).

57. Under California law, standing for injunctive relief is governed by the applicable rules on standing. It has been held that, as long as a Plaintiff has standing to seek relief on the merits, that Plaintiff has standing to seek the same relief provisionally. *Common Cause v. Board of Supervisors,* 49 Cal.3d 432 (1989). Here, Plaintiff has standing to seek relief on the merits.

FOURTH CAUSE OF ACTION
(For a Writ of Mandamus)

58. Plaintiff re-alleges and incorporates by this reference every foregoing paragraph.

59. A writ of mandate will lie under California law to compel performing a clear, present, and ministerial duty that the law enjoins. (See Cal. Code of Civil Procedure § 1085.) A writ of mandate is proper to compel a public agency to follow its own rules when it has a ministerial duty to do so (*Pozar v. Department of Transportation,* 145 Cal. App. 3d 269, 271(1983)).

IV. **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For a finding of this Court declaring the rights and duties of the parties to this suit. Plaintiff requests that this Court enter a Declaratory Judgment that the Mental Health Defendants and

TONSING LAWFIRM

353 Sacramento Street, Suite 1140, San Francisco, CA 94111-4657

each of them have violated his Federal and State Constitutional rights, his right to due process and to the equal protection of the laws as alleged above and that it order the named Defendants to develop and present to the Court and to Plaintiff's counsel, within 90 days, a plan to correct the practices and procedures addressed in this Complaint and to eradicate all remnants of the erroneous record referenced above, including but not limited to transmission of the erroneous information to law-enforcement agencies, and that the Court allow Plaintiff's counsel to submit to the Court and to the named Defendants, in writing, any objections to the plan within 30 days of his receipt of it, and that the Court convene a hearing on any objections to the plan that Plaintiff may raise, and that after such hearing the Court order immediate implementation of the plan, as amended and approved by the Court;

2.   For the issuance of a Writ of Mandamus;

3.   For preliminary, temporary, and permanent injunctive relief;

4.   For general damages against the Mental Health Defendants, according to proof;

5.   For compensatory damages against the Mental Health Defendants, according to proof, in an amount that will fairly and justly compensate him for the violation of his civil rights, his pain and suffering, and his emotional distress;

6.   For consequential damages against the Mental Health Defendants, according to proof

7.   For punitive and exemplary damages, as permitted by law, according to proof; the instances of reckless indifference to Plaintiff's Constitutional rights by the two individual Mental Health Defendants should be punished by imposing punitive damages to make an example of behavior not to be tolerated;

8.   For such further civil penalties, statutory damages, and interest against the Mental Health Defendants as allowed by law;

9.   For Plaintiff's attorney's fees, under Section 1983 and Section 1988 of Title 42 of the United States Code, against the Mental Health Defendants for violations of the Civil Rights Act;

10.   For such other or additional reasonable attorney's fees against the Mental Health Defendants as permitted or required by California law or other Federal statutes;

11.   For the costs of suit; and,

TONSING LAWFIRM
353 Sacramento Street, Suite 1140, San Francisco, CA 94111-4657

12. For such other and further relief as the Court deems just and proper.

13. And, Plaintiff requests that the Court retain jurisdiction over this matter pending full implementation of all Orders issued in plans approved by the Court.

Dated: February 23, 2014

TONSING LAWFIRM

By: _____/S/_____

Michael J. Tonsing, Esq.
Attorneys for Plaintiff JOHN DOE
353 Sacramento Street, Suite 1140
San Francisco, CA 94111-3657
Phone: (415) 986-1338, Ext. 155
Fax: (415) 358-4839
mike@tonsinglawfirm.com

**TONSING LAWFIRM**
353 Sacramento Street, Suite 1140, San Francisco, CA 94111-4657

## DEMAND FOR JURY TRIAL AND DESIGNATION OF PLACE OF TRIAL

The Plaintiff in the above-entitled action requests a trial by jury as to all legal claims set forth above, as provided by the Seventh Amendment to the United States Constitution and by Rule 38 of the Federal Rules of Civil Procedure, and requests that the matter be tried in Oakland, Alameda County, California.

Dated: February 23, 2014

TONSING LAWFIRM

By: _____/S/_____
        Michael J. Tonsing, Esq.
        Attorneys for Plaintiff
        JOHN DOE
        353 Sacramento Street, Suite 1140
        San Francisco, CA 94111-3657
        Phone: (415) 986-1338, Ext 155
        Fax: (415) 358-4839
        mike@tonsinglawfirm.com

**TONSING LAWFIRM**

353 Sacramento Street, Suite 1140, San Francisco, CA 94111-4657

**COMPLAINT AND
DEMAND FOR JURY TRIAL**