UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br>　　　　Plaintiff,<br>　　v.<br>SEMPERVIRENS MENTAL HEALTH FACILITY, et al.,<br>　　　　Defendants. | Case No. 14-cv-00816-JD<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR PSEUDONYMITY**<br>Re: Dkt. No. 17 |

　　　　Plaintiff has requested permission to proceed pseudonymously. Dkt. No. 17. The Court previously granted him the right to proceed under pseudonym on a temporary basis. Dkt. No. 8. None of the four defendants -- Sempervirens Mental Health Facility, Dr. Asha George, Dr. Chris Starets-Foote or Kamala D. Harris -- opposes plaintiff's request. Dkt. Nos. 21, 22.

　　　　The Court finds that the controlling test set forth by the Ninth Circuit in *Does I Thru XXIII v. Advanced Textile Corporation*, 214 F.3d 1058 (9th Cir. 2000) has been met. Although the additional factors to be considered in a retaliation case are not applicable here, plaintiff has satisfied the general test by showing that his "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." 214 F.3d at 1068.

　　　　Plaintiff argues that he needs anonymity because of the stigma that can attach to those who have a mental illness or were treated in a state mental hospital, as plaintiff was. He argues that his need outweighs the public's interest in knowing his identity for reasons including that "[p]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." Dkt. No. 17 at 13 (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)). He further argues that defendants are not prejudiced by plaintiff's anonymity, as they already know plaintiff's true identity. Plaintiff also states that he is amenable to a protective order that

will provide defendants "virtually unfettered discovery," provided plaintiff's identity is protected. *Id.* at 15. Defendants themselves do not argue they would suffer prejudice, and they have instead filed statements of non-opposition to plaintiff's present request, as noted above.

The Court grants plaintiff's request to proceed pseudonymously, but does so with the following caveat. The Court is concerned that its ruling today may be misinterpreted as a broader holding that any plaintiff who can assert a general stigma, such as the stigma that arguably attaches to those with mental health issues, should be permitted to sue in our courts under the cloak of anonymity. But that is not the Court's holding. The Court's conclusion is that in this case, the balance tips in plaintiff's favor primarily because defendants have uniformly agreed, by choosing not to oppose plaintiff's motion, that they will not be prejudiced by the granting of plaintiff's request to proceed under pseudonym.

Accordingly, the Court grants plaintiff's request to proceed pseudonymously. Plaintiff's identity shall not be disclosed to the general public, and plaintiff will continue to be referred to as John Doe in all pleadings and other documents related to this litigation, as well as in any proceedings that may be held before the Court. Defendants and their attorneys shall not disclose plaintiff's identity to any other person or entity except as may be necessary to defend against this action.

As the Court advised plaintiff's counsel at the hearing, it can and will revisit this order should circumstances change as the litigation proceeds. Plaintiff will, however, be given notice and an opportunity to be heard well in advance of any changed order.

**IT IS SO ORDERED.**

Dated: July 23, 2014

_____
JAMES DONATO
United States District Judge